14 CV 5834

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSE DE LA ROSA,

                   Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE
OFFICER JAMES SEPULVEDA, POLICE
OFFICER JOSE LABRADA and
POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,

                   Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



    Plaintiff, JOSE DE LA ROSA, by and through his attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

    1. This is a civil rights action in which the plaintiff, JOSE DE LA ROSA, seeks relief for defendants' violations, under color of state law, of his rights, privileges and immunities secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and the Constitution and laws of the State of New York.

    2. Defendants, the City of New York and New York City Police Officers James Sepulveda, Jose Labrada and John Does; individually and, as the case may be, in their official capacities, jointly and severally, did cause plaintiff JOSE DE LA ROSA to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, and malicious prosecution, causing his loss of liberty and physical and mental injury.

1

3. Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## NOTICE OF CLAIM

8. Plaintiff filed a Notice of Claim with the City of New York on or about July 26, 2013, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

9. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10. At all times relevant hereto Plaintiff was and is a resident of New York, New York.

11. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12. At all times relevant to this action, Defendants Police Officer James Sepulveda, Police Officer Jose Labrada and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13. At all times relevant hereto and in all their actions described herein, the Defendants Officer James Sepulveda, Police Officer Jose Labrada and Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

14. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

15. On January 14, 2012 Mr. De la Rosa had worked with his father painting an apartment in Washington Heights, NY.

16. Mr. De La Rosa had brought his lunch with him to work, including utensils to eat his lunch.

17. When Mr. De la Rosa finished work, he visited his girlfriend in Queens, New York. He remained at his girlfriend's home until approximately 11:00 p.m., at which time he took the subway home to Manhattan.

18. At about 11:50 p.m., Mr. De la Rosa was walking home from the subway station at 110th Street and Lenox Avenue in New York, NY.

19. At the time of and prior to his arrest Plaintiff had not engaged in any illegal or suspicious activities.

20. Mr. De la Rosa was listening to music and wearing his headphones while he walked home from the subway station.

21. While he was walking he noticed that a car, which he later learned to be an unmarked police car, was following him.

22. When he noticed that the unmarked car flashed its lights, he stopped.

23. Three police officers then tackled Mr. De la Rosa into a fence and began hitting him with their fists.

24. The officers asked Mr. De la Rosa if he had any guns or drugs.

25. An officer then reached into his pocket, and the officer pulled out his lunch utensil.

26. The officer then placed him in handcuffs and asked him, "What is this?"

27. Mr. De La Rosa responded that it is a paring knife, which he used to cut his fruit when he ate his lunch.

28. Mr. De la Rosa was transported her to a NYPD precinct.

29. Mr. De la Rosa remained in a cell for approximately two hours. He was then transported to another precinct, where he remained for approximately 24 hours.

30. Mr. De la Rosa was then transported to Manhattan Central Booking, where he remained for an additional 24 hours before he was arraigned.

31. After being wrongfully detained for approximately 48 hours, Mr. De la Rosa appeared before a judge and was charged with one count of Criminal possession of a Weapon in the Fourth Degree in violation of P.L. § 265.01(2) and one count of resisting arrest in violation of P.L. § 205.30.

32. During the subsequent sixteen months, Mr. De la Rosa returned to court approximately eight times for required court appearances in this case.

33. On May 6, 2013 the charges against Mr. De la Rosa were dismissed and sealed.

34. As a result of this arrest, Mr. De la Rosa suffered various physical injuries, including abrasions and bruises about his body and substantial pain.

35. Mr. De la Rosa lost his job as a result of attending the required court appearances.

36. On July 26, 2012, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

37. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

38. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

39. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

41. All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of her person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

42. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

43. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

46. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST

47. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

49. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

50. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

### THIRD CLAIM FOR RELIEF: FALSE IMPRISONMENT

51. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

53. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. By the actions described above the defendants maliciously and without probable cause, prosecuted Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

56. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF: <br> EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

59. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

60. As a result of the excessive force and brutality, Plaintiff sustained multiple injuries to his body and endured serious emotional and psychological distress.

61. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

### SIXTH CLAIM FOR RELIEF: <br> MUNICIPAL LIABILITY

62. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages,

practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

64. Prior to January 14, 2012, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

65. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

66. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, false imprisonment, malicious prosecution, assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

67. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

68. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

70. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

73. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

74. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

  b.  To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

  c.  To be protected against violations of his civil and constitutional rights;

  d.  Not to have cruel and unusual punishment imposed upon him; and

  e.  To receive equal protection under the law.

**SEVENTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE**
**UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983**

75. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

76. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

77. The defendant officers were present on January 14, 2012 at 1 West 112 Street in New York, NY and in the vicinity of plaintiff's arrest and witnessed other officers, *inter alia*,

 a. Search plaintiff without cause

 b. Falsely arrest plaintiff, and

 c. Use unlawful force against plaintiff, including pushing plaintiff into a fence and punching him.

78. The search of plaintiff's person was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal search.

79. Defendants' violated plaintiff's constitutional rights by failing to intervene in the illegal search of plaintiff, his false arrest or Defendant Labrada, Sepulveda and Officer John Doe's clearly unconstitutional use of force that resulted in injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:    New York, New York
          July 28, 2014

Respectfully submitted,

_____
Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848